IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| JIMMY WEATHERLY, #586417 § | |
| § | |
| V. § | CIVIL ACTION NO. G-06-192 |
| § | |
| NATHANIEL WADE, ET AL. § | |
| § | |

**REPORT AND RECOMMENDATION**

Plaintiff Jimmy Weatherly, proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983, on March 2, 2006. Having reviewed Plaintiff's complaint and answers to interrogatories, this Court makes the following recommendation to the District Court.

When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous or malicious. 28 U.S.C. §1915(e)(2). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success or has no arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

Plaintiff alleges that on June 13, 2004, Defendant Wade ordered Plaintiff to pick up a piece of bread from the ground. When Plaintiff told him that his medical restrictions precluded his bending at the waist, Wade became angered and placed handcuffs on Plaintiff so tightly that they cut into his wrists. Wade then allegedly pulled up on the chain (that connected the handcuffs) so

sharply that Plaintiff's arms were pulled up and over his bent back.  Plaintiff asserts that he was seen or examined in the infirmary over ten times for injuries associated with the handcuffing incident of June 13, 2004.  The examinations allegedly included x-rays, a neurology examination and splinting of his wrists.  Plaintiff has sued Defendant Wade for excessive use of force and assistant warden Scott and Defendant Guyton for failing to take corrective action against Wade after reviewing Plaintiff's grievances.

To state a cause of action under Section 1983, a Plaintiff must identify Defendants who were personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation.  *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995).  A Plaintiff cannot obtain damages or injunctive relief from a policy-maker or supervisor solely on a theory of *respondeat superior*.  *Beattie v. Madison County Sch. Dist.*, 254 F.3d 595, 600 n.2 (5th Cir. 2001).  The Fifth Circuit has noted that "supervisory officials may be held liable only if: (1) they affirmatively participate in acts that cause a constitutional deprivation; or (2) implement unconstitutional policies that causally result in Plaintiff's injuries."  *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992).  Plaintiff has wholly failed to show either with respect to Defendants Scott and Guyton.  To the extent Plaintiff is claiming that Scott and Guyton are liable as supervisors, he fails to state a claim upon which relief can be granted.  Moreover, he fails to establish that either of these Defendants knew or should have known of any facts related directly to the alleged actions of Defendant Wade.

With respect to Plaintiff's claim regarding the handling of his grievances by Scott and Wade, an inmate does not have a constitutional entitlement to an adequate grievance procedure.  *See e.g., Antonelli v. Sheahan*, 81 F.3d 1422, 1430-31 (7th Cir. 1996).  Although it is a condition precedent

to filing a suit arising under Section 1983, *see* 42 U.S.C. 1997e(a), any right to inmate grievance procedure is a procedural, not substantive, right; thus, a state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause. *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991).

For the foregoing reasons, it is the **RECOMMENDATION** of this Court **that all claims against Defendants Scott and Guyton, only, be DISMISSED with prejudice.**

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff, who shall have until **May 31, 2007,** in which to have written objections **physically on file** in the Office of the Clerk. The objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the \_\_\_10th\_\_\_ day of May, 2007.

_____
John R. Froeschner
United States Magistrate Judge